UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                             <u>DECISION AND ORDER</u>

                                                                             08-CV-6287L

                              v.

THE SUM OF $185,336.07 UNITED STATES
CURRENCY SEIZED FROM CITIZEN'S
BANK ACCOUNT L7N-01967,

                              Defendant.

DOMINIC PELLEGRINO,

                              Claimant,
_____

## INTRODUCTION

This is an action in rem, by which the Government seeks the forfeiture of the contents of a Citizen's Bank Brokerage Account, totaling $185,336.07, as proceeds of drug activity, pursuant to 21 U.S.C. § 881(a)(6). The Government contends that the entire sum in the account is subject to forfeiture as proceeds from criminal conduct; specifically, the sale of controlled substances. The Government contends that the sole owner of the account, Dominic Pellegrino (hereinafter "claimant" or "Pellegrino") made a series of deposits to the account over several years, which represented the proceeds of illegal drug trafficking.

Pellegrino was arrested and charged in New York State Court with criminal possession of a controlled substance. On July 11, 2008, Pellegrino pleaded guilty in Monroe County Court to a misdemeanor charge of Criminal Possession of a Controlled Substance in the Seventh Degree. That

plea involved admissions that claimant possessed controlled substances at his residence on Rosedale Street in Rochester in May 2007.

After Pellegrino's arrest, on June 30, 2008, the Government commenced this action seeking forfeiture of the brokerage account pursuant to 21 U.S.C. § 881(a)(6).

On May 2, 2012 (Dkt. #23), this Court granted summary judgment in favor of the Government. *United States v. Sum of $185,336.07 United States Currency*, 858 F.Supp.2d 246 (W.D.N.Y. 2012). Pellegrino appealed and on September 25, 2013, the Second Circuit reversed and vacated the Court's grant of summary judgment. *Id.*, *rev'd*, 731 F.3d 189 (2d Cir. 2013). Although the Second Circuit affirmed several findings made by this Court, it vacated the decision on grounds not raised by either party. Familiarity with this Court's decision and the Second Circuit's decision is presumed here.

Two motions are now pending before this Court. First, Pellegrino has filed a motion (Dkt. #27) for partial summary judgment seeking return of $100,000 of the defendant funds. The Government has opposed that motion and has cross-moved for summary judgment in its favor (Dkt. #31), seeking forfeiture of the entire balance of the brokerage account. For the reasons that follow, both motions are denied.

**DISCUSSION**

The Second Circuit's decision was based upon its interpretation of the legal standards for forfeiture imposed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983. The Circuit discussed the heightened burden of proof that CAFRA imposes on the Government in forfeiture cases. As the Circuit made clear, the burden of proof now rests solely with the Government to show by a preponderance of the evidence, rather than mere probable cause, that the defendant funds are subject to forfeiture. Moreover, CAFRA "replaced the existing 'nexus standard' with the more rigorous 'substantial connection' test." *Sum of $185,336.07*, 731 F.3d 189 at 195-96. Unlike the pre-CAFRA framework for analysis of forfeiture actions, the burden of proof never shifts

to the claimant. *See United States v. $557,933.89*, 287 F.3d 66, 79 (2d Cir. 2002) ("[i]f the government fails to meet its burden of proof . . . the claimant need not produce any evidence at all – i.e., the claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof").

Before determining whether summary judgment lies in favor of either party, the Court must determine the nature of the burden of proof. CAFRA provides that when "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a [specific] criminal offense, or was involved in the commission of a [specific] criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. §983(c)(3). However, where, as here, the Government seeks forfeiture pursuant to 21 U.S.C. §881(a)(6) on a theory that the property constitutes proceeds "traceable to" an exchange for narcotics, it need not prove that there is a substantial connection between the property and any specific drug transaction. Rather, "the Government may prove more generally, based on a totality of the circumstances, that the property is substantially connected to narcotics trafficking." *United States v. United States Currency in the Sum of One Hundred Eighty-Five Thousand Dollars more or less*, 455 F. Supp. 2d 145, 149 (E.D.N.Y. 2006), *aff'd*, 2008 U.S. App. LEXIS 11484 (2d Cir. 2008). *See also United States v. $60,020.00 United States Currency*, 2011 U.S. Dist. LEXIS 117947 at *27 (W.D.N.Y. 2011) (when seeking forfeiture on a proceeds theory, Government need not show a substantial connection between the property and any specific drug transaction, but may prove generally that the property is substantially connected to drug trafficking, based on a totality of the circumstances); *United States of America v. $421,090.00 in United States Currency*, 2011 U.S. Dist. LEXIS 82105 at *16 (E.D.N.Y. 2011) (same); *United States v. $22,173.00 in United States Currency*, 716 F. Supp. 2d 245, 250 (S.D.N.Y. 2010) (same).

Pellegrino's present motion for partial summary judgment seeks a declaration that the sum of $100,000, which is essentially the sum initially deposited in the brokerage account, is not forfeitable and should be made available to Pellegrino, the only claimant. The Government and Pellegrino appear to agree on the timing and amount of this deposit, which was discussed at some length by the Second Circuit. The Circuit's primary concerns were that this initial deposit occurred on or about May 25, 2004, well before the "Spring 2005 - May 2007" period of drug activity established by the Government's witnesses, principally a confidential source, and that the initial deposit was much larger than those that followed. The Circuit was not subtle in its conclusion that the Government's proof was woefully insufficient to demonstrate entitlement to summary judgment as a matter of law, because it failed to establish by a preponderance of the evidence that the $100,000 deposit was connected to drug trafficking. As such, the Court of Appeals found that the evidence did not demonstrate entitlement to forfeiture as a matter of law, at least as to the initial $100,000 deposit. *Sum of $185,336.07*, 731 F.3d 189 at 197-98.

The Government, once again, seeks judgment as a matter of law, relying principally on the same evidence and arguments advanced previously. The Government asserts that there are no material facts in dispute, although Pellegrino strongly disagrees. After reviewing all the arguments and admissible evidence before the Court, I conclude that the issues at the heart of this case, particularly those related to whether the initial deposit of $100,000 is subject to forfeit, can only be decided after a hearing.

Although "[t]he government may rely upon a claimant's narcotics conviction, as one factor, to meet its burden of establishing [a substantial] connection between funds and drug activity," a conviction is, by itself, "insufficient to establish, as a matter of law, the requisite connection by a preponderance of the evidence." *United States v. Real Property and Premises Known as 90-23 201st Street*, 775 F. Supp. 2d 545, 564 (E.D.N.Y. 2011), *quoting United States v. United States Currency in the Amount of $248,430*, 2004 U.S. Dist. LEXIS 7072 at *12 (E.D.N.Y. 2004). Combined with admissible evidence that the claimant had no legitimate source of income, however, a reasonable

finder of fact might infer that the subject monies are tied to narcotics activity, particularly where, as here, the claimant's "assertion of the Fifth Amendment in response to a discovery request about his finances raises further questions about the sources of his income," and there is no admissible evidence to support a finding that his income was legitimately acquired. *Real Property and Premises Known as 90-23 201st Street*, 775 F. Supp. 2d 545 at 564, *citing United States Currency in the Sum of $185,000 more or less*, 455 F. Supp. 2d 145 at 150 ("[a] party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence").

Accordingly, I find that there is a genuine issue of material fact as to whether the Government has met its burden to show by a preponderance of the evidence that the defendant funds are traceable to claimant's drug activity, and therefore subject to forfeiture. While the Government has not submitted adequate admissible evidence to demonstrate entitlement to forfeiture as a matter of law, a reasonable finder of fact considering the evidence could find that the requisite connection has been established. "The unanswered questions regarding the source of [claimant's] income considered in conjunction with [claimant's] narcotics conviction[] could lead a reasonable [finder of fact] to find that the requisite connection exists. But a reasonable [finder of fact] could also reach the opposite conclusion." *Real Property and Premises Known as 90-23 201st Street*, 775 F. Supp. 2d 545 at 564. *See also United States v. $421,090 in United States Currency*, 2011 U.S. Dist. LEXIS 82105 at *22 (E.D.N.Y. 2011) (denying Government's motion for summary judgment awarding forfeiture of funds seized from the vehicle of a claimant who was allegedly holding a marijuana cigarette during the traffic stop, and ordering that the case proceed to trial). Accordingly, summary judgment cannot be granted to either party.

Discovery, to the extent there was any, has now concluded and presumably the parties should be ready for trial in short order. The Court will likely have to confront several evidentiary issues at the hearing on this matter, based on what the Circuit described as Pellegrino's "gamesmanship," *Sum of $185,336.07*, 731 F.3d 189 at 193, relative to his refusal to participate in discovery and eleventh hour assertion of the Fifth Amendment.

As the Court discussed in detail in its May 2, 2012 decision, *Sum of $185,336.07*, 858 F. Supp. 2d 246 at 249-50, the claimant asserted for the first time in his papers opposing the Government's prior motion for summary judgment that the sources of the funds he deposited in May 2004 were legitimate. Nonetheless, plaintiff has yet to produce any admissible evidence or sworn testimony supporting that claim. Whether Pellegrino would be precluded from offering such proof at trial, and whether an adverse inference should be drawn against Pellegrino due to his refusal to participate in discovery, are issues for another day.[1] The Court will eventually require both sides to submit legal memoranda on these issues prior to trial, according to a schedule to be set.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for partial summary judgment (Dkt. #27) and the Government's cross motion for summary judgment (Dkt. #31) are both denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 9, 2014.

---

[1] In its May 2, 2012 decision, the Court disregarded Pellegrino's last-minute attempt to introduce unauthenticated evidence of a legitimate income source, a determination that the Second Circuit found was not an "abuse of discretion." *Sum of $185,336.07*, 731 F.3d 189 at 193.